UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 15-07622-AB (Ex) | Date: | November 12, 2015 |
|---|---|---|---|

Title: *Eagle Vista Equities, LLC v. Pok Hee Kwon; Thomas Kim*

Present: The Honorable ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order Granting Plaintiff's Motion to Remand (Dkt. No. 8)**

On September 29, 2015, Defendant Thomas Kim, having been sued in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action to this Court. (Dkt. No. 1, Notice of Removal ("NOR").)

On October 14, 2015, Plaintiff Eagle Vista Equities, LLC filed a Motion to Remand. (Dkt. No. 8.) Defendants have yet to oppose.

For the reasons set forth below, the Court **REMANDS** this case for lack of subject matter jurisdiction. Pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 7-15, the Court finds this matter appropriate for determination without oral argument, and the hearing previously scheduled for November 14, 2015 at 10:00 a.m. is hereby **VACATED**.

As a routine unlawful detainer action, Defendants could not have removed this action in federal court because the complaint does not competently allege facts creating subject matter jurisdiction, rendering removal improper. 28 U.S.C. §1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

     First, Defendants' removal papers contend that Plaintiff is a "Debt Collector" under the Fair Debt Collection Practices Act, and "Defendant alleges Plaintiff violated Defendant[s'] rights as defined by. . . . Truth in Lending Act." (*See* NOR, 2:24-27.) As an initial matter, Plaintiff does not rely on the Fair Debt Collection Practices Act nor the Truth in Lending in its underlying complaint. Nonetheless, Defendants claim that this circumstance makes removal proper under "28 U.S.C. § 1441(a)," (NOR, 3:1-8), which provides for removal of a civil action where "the district courts of the United States have original jurisdiction." But under 28 U.S.C. §§ 1331, 1441(b), this unlawful detainer action does not give rise to a federal question or this Court's original jurisdiction because unlawful detainers are "purely a creature of California law." *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117 at \*3 (N.D. Cal. 2011) (citing *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, at \*2 (C.D.Cal. 2010)). Second, this unlawful detainer action also does not give rise to diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(b). The underlying complaint states that the amount in controversy does not exceed $10,000. Moreover, removal on the basis of diversity jurisdiction is not proper because Defendants are allegedly in possession of the premises at issue, making them residents of the forum state. 28 U.S.C. § 1441(b). It is evident that neither original nor diversity jurisdiction is present here.

     Accordingly, the Court: (1) **REMANDS** this case to the Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) **ORDERS** the Clerk to send a certified copy of this Order to the state court; and (3) **ORDERS** the Clerk to serve copies of this Order on the parties.[1]

     The November 16, 2015 hearing is hereby **VACATED.**

  **IT IS SO ORDERED.**

---

[1] The Court is also in receipt of the Parties' recently filed Notice of Settlement. (Dkt. No. 9.) Because the Court does not have jurisdiction over this matter, the Notice of Settlement does not alter this ruling.